141　127
142　198
141　127
151　58

## E. P. UNANGST v. GOODYEAR ETC. MFG. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 12, 1890.
Re-argued March 9, 1891—Decided May 23, 1891.

1. In an issue involving the validity of a judgment by confession, the declarations of the defendant, in the absence of the plaintiff and before the confession, tending to show that the judgment was fraudulent, are inadmissible, without prior evidence that the plaintiff was a party to the fraud.

2. The defendant in the judgment not being a party to the record, in the issue on trial, and being a competent witness for the party to the issue attacking the validity of the judgment, the latter had no right to examine him as if on cross-examination and was bound by his testimony: Per Mr. Chief Justice PAXSON.

Argued March 12, 1890, before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 119 January Term 1890, Sup. Ct.; court below, No. 15 April Term 1889, C. P.

On February 25, 1889, an issue was awarded wherein Eugene P. Unangst was plaintiff and the Goodyear India-Rubber Manufacturing Co. was defendant, to determine the title to certain goods and merchandise, levied upon by virtue of an execution in favor of said company as the property of J. R. Uberroth, and claimed by said Unangst.

At the trial, on October 21, 1889, the plaintiff put in evidence a judgment by confession entered on December 10, 1888, in favor of Eugene P. Unangst against J. R. Uberroth, for the sum of $7,000, with a writ of fieri facias upon said judgment;

Statement of Facts.

and followed with evidence that all the goods·in controversy were sold to said Unangst, at sheriff's sale under said writ, on December 18–21, 1888, for $5,427.39. The defendant· in the issue obtained judgment against Uberroth for $826.11, on February 28, 1889, issued execution thereon, and levied upon the goods in controversy, in the place they remained after the sale to Unangst and in charge of Uberroth.

The plaintiff having rested, the defendant began his defence by calling J. R. Uberroth "for cross-examination under the act of 1887." The witness testified, inter alia, that he had commenced business in Bethlehem in April, 1888, with $2,000 of his own money, had borrowed of Mr. Unangst while he was in business about $5,000, and had confessed to him the judgment for $7,000, to secure him as to borrowed money and as to other indebtedness for which he had become responsible. At this point, the plaintiff's counsel moved that the testimony of the witness be ·stricken out, for the reason that not being a party to the suit he could not be called for cross-examination. The objection was overruled; exception. After a full examination as to said indebtedness, the defendant asked the witness:

Q. Do you know Mr. Van Court? A. Yes. Q. Was he in your store on November 30th? A. I don't know the date; it was before I failed. Q. You made a certain statement to him about your financial condition? A. I don't know. Q. Didn't you say to him that you owed only $3,500; that you owed Mr. Unangst only $2,300, and that you had given no judgment at that time to anybody, and that your stock was worth about $10,000?

Objected to, as incompetent and irrelevant and res inter alios acta.

By the court: Objection sustained; exception.[a]

The witness testified, further, that after the sale of the goods to Unangst, upon the latter's execution, the witness remained in the store in the capacity of manager; and that his own name was still on the store-sign, with Mgr, meaning manager, added:

Howard Van Court, called for defendant:

Q. Did you call upon Mr. Uberroth to collect that [claim]? A. Yes. Q. When did you call? A. On the thirtieth of November, 1888. Q. Did you call at his store? A. Yes.

Charge of Court below.

Q. You saw him? A. Yes. Q. Was Mr. Unangst present? A. He was in the back part of the store, engaged with Mr. Leport. Q. Did he hear your conversation? A. I don't think he did. Q. Did Mr. Uberroth then make a statement to you in which he said that he owed only $3,500, that he owed Mr. Unangst only $2,300, and that he had given no judgment notes to anybody?

By Mr. Cope: This question is offered as a declaration of Mr. Uberroth, who is alleged to have been in collusion with the plaintiff, for the purpose of defrauding Mr. Uberroth's creditors.

Objected to, as incompetent and irrelevant and res inter alios acta.

By the court: The objection is sustained; exception.[3]

The defendant having rested, the plaintiff was examined at length in rebuttal, giving statements and exhibits showing in detail the indebtedness of Uberroth to him, at the time of the confession of the judgment.

At the close of the testimony, the court, SCHUYLER, P. J., instructed the jury to return a verdict in favor of the plaintiff, answering the points presented as follows:

The plaintiff presents the following points:

1. If the jury believe that at the time of giving the judgment note, J. R. Uberroth was indebted to the plaintiff, Eugene P. Unangst, in the sum specified in the note, and that execution on the judgment was issued for the purpose of collecting the debt, and not to hinder, delay and defraud other creditors, the verdict must be for the plaintiff.

Answer: Affirmed.

2. If the jury believe that, at the time of the issuing of the execution upon the judgment obtained on the note of J. R. Uberroth, he was honestly indebted to the plaintiff, Eugene P. Unangst, in a sum equal to or in excess of the amount realized upon the sale by the sheriff of the personal property of Uberroth, to wit, $5,427.39, and that there was no collusion between them to hinder, delay and defraud other creditors, the verdict must be for the plaintiff.

Answer: Affirmed.

3. Under all the evidence submitted in the case, the verdict must be for the plaintiff.

Answer: Affirmed.[1]

The defendant requests the court to charge:

If the jury believe that the judgment of $7,000 to plaintiff was confessed for more than was due, with the corrupt intention of hindering, delaying and defrauding the creditors of J. R. Uberroth, the verdict should be for the defendant.

Answer: Not affirmed.[4]

—The jury returned a verdict for the plaintiff as directed.

A rule for a new trial having been argued, the court, SCHUYLER, P. J., on November 4, 1889, filed the following opinion:

The goods in controversy originally belonged to J. R. Uberroth. To show title in himself, the plaintiff gave in evidence a judgment and execution in his own favor against Uberroth, which was followed by proof of a sheriff's sale of the goods under the execution, and of their purchase by the plaintiff. He then rested his case. The theory of the defendant was that plaintiff's judgment had been confessed for more than was due, and that it was the result of a conspiracy between the plaintiff and Uberroth to defraud the latter's creditors. In the hope of establishing the truth of this theory, the defendant placed Uberroth on the stand as a witness, and subjected him to a rigid cross-examination. Some suspicious circumstances were developed, but in spite of them the witness emphatically denied that the judgment was confessed for more than was due, and gave figures to show that it was confessed for really less than was due. He also denied the charge of conspiracy.

It will thus be seen that the testimony of Uberroth, instead of helping, was exceedingly damaging to the defendant's theory. The defendant then offered to prove declarations by Uberroth inconsistent with his statements on the witness stand; the offer was objected to and the objection sustained. Several of the reasons for a new trial are directed against this ruling, but we think the ruling was correct. We did commit error, but that was against the plaintiff, by allowing the defendant, under objection, to cross-examine Uberroth, as being "a person whose interest was adverse" to the defendant, within the seventh section of the act of May 23, 1887, P. L. 158, relating to the

Opinion of Court below.

competency of witnesses. He had no interest: Sheetz v. Han-
best, 81 Pa. 100. When, therefore, the defendant called him
as a witness, he called him the same as any other witness hav-
ing no interest and with the same legal consequences. One
of these consequences was that the defendant might not con-
tradict him. The reason for this is, that by calling Uberroth
as a witness, the defendant avouched his credibility and is es-
topped from averring the contrary: Stockton v. Demuth, 7
W. 39.

If the suspicious circumstances testified to by Uberroth stood
out alone, they might furnish sufficient evidence of collusion
to open the door for the admission of his declarations, but they
do not stand alone. Uberroth's attention was called to them
more than once, but he persisted in saying that notwithstanding
appearances to the contrary the transaction was honest. The
defendant cannot escape from this. He will not be heard to
assert that so much of Uberroth's testimony as tells against the
plaintiff is true, and that what tells in his favor is false. "It
would give a party an unjust advantage to let him pick out
particular parts of a witness's testimony and reject the rest: "
Seip v. Storch, 52 Pa. 211.

After the close of the defendant's testimony, the plaintiff
went upon the witness stand and swore substantially to the
same state of facts as Uberroth had done. There were no other
witnesses of any importance. The case then stood in this way:
The title of the plaintiff being "honest and lawful on its face,
must be treated as such until it is shown to be otherwise by
evidence of some kind, either positive or circumstantial: "
Kaine v. Weigley, 22 Pa. 183. There is no such evidence here.
On the contrary, the defendant's only witness, examined on the
subject, affirmed that the title is honest, and his testimony is
unimpeached and uncontradicted. Conceding that the burden
had been shifted to the plaintiff to prove full consideration,
the defendant having relieved him of that duty, there was
nothing further for him to do.

On the foregoing facts we directed a verdict in favor of the
plaintiff, and notwithstanding the ingenious argument of the
learned counsel for the defendant, we fail to see how we could
have done otherwise without committing plain error: Cover v.
Manaway, 115 Pa. 346. "Fraud is not to be presumed without

proof, nor upon proof which is slight; it must be established upon satisfactory evidence; it must be sufficiently explicit in its character to fairly rebut the presumption" of innocence: Idem, 345.   There is this to be said in favor of Mr. Uberroth's testimony.   He was called to prove himself a conspirator.   Had he been a conspirator in fact, he might have declined to answer the questions put to him.   Instead of claiming his privilege, which would have left the defendant virtually without any evidence, he voluntarily subjected himself to a searching examination, with the result above mentioned.

Motion for a new trial overruled.

—Judgment for the plaintiff having been entered on the verdict, the defendant took this appeal, assigning for error:

1. The answer to the plaintiff's point.[1]

2, 3. The refusal of the defendant's offers.[2] [3]

4. The answer to the defendant's point.[4]

*Mr. Robert L. Cope*, for the appellant:

Counsel cited: (1) Clark v. Douglass, 62 Pa. 408; Howard Exp. Co. v. Wile, 64 Pa. 201; Railroad Co. v. Stout, 17 Wall. 657; Redfield Mfg. Co. v. Dysart, 62 Pa. 62; Graham v. Smith, 25 Pa. 323; Twitchell v. McMurtrie, 77 Pa. 383; Madara v. Eversole, 62 Pa. 160.   (2) Cowden v. Reynolds, 12 S. & R. 281; Starkie on Ev., 247.   (3) Lowe v. Dalrymple, 117 Pa. 564; Deakers v. Temple, 41 Pa. 234; Brinks v. Heise, 84 Pa. 246; Kichline v. Lobach, 125 Pa. 295.   (4) Clark v. Douglass, supra; Bumm v. Ahl, 29 Pa. 387.

*Mr. J. B. Kemerer*, for the appellee.

Counsel cited: Hyatt v. Johnston, 91 Pa. 196; Howard Exp. Co. v. Wile, 64 Pa. 201; Raby v. Cell, 85 Pa. 80; Hazelett v. Ford, 10 W. 101; Yaple v. Titus, 41 Pa. 195; Meckley's App., 102 Pa. 536; Second N. Bank's App., 85 Pa. 528; Sheetz v. Hanbest, 81 Pa. 100; Bear's Est., 60 Pa. 430; Shoemaker v. Kunkle, 5 W. 107; Mead v. Conroe, 113 Pa. 220; Morton v. Weaver, 99 Pa. 47.

The judgment was affirmed on March 24, 1890, by an order per Curiam.   On April 10, 1890, on motion, a re-argument was ordered; and on March 9, 1891, the cause was re-argued

orally by *Mr. Harry C. Cope*, for the appellant, and by *Mr. J. B. Kemerer*, for the appellee, before a full bench.

OPINION, MR. CHIEF JUSTICE PAXSON:

This case was heard at the last term in the Eastern District, and the judgment affirmed. A re-argument was granted, and it was heard again at the present term. We are not convinced that our former judgment was erroneous.

The case below was a feigned issue to try the validity of a judgment confessed by J. B. Uberroth in favor of Eugene P. Unangst, for $7,000. The allegation of the appellant was that the judgment had been given to hinder and delay the creditors of Uberroth. Upon the trial below, the defendant called the latter as a witness as upon cross-examination, and he was asked as to a conversation with a person named Van Court. The court excluded the evidence, and this forms the subject of the second assignment of error. The questions were objected to as incompetent, irrelevant, and res inter alios acta. We think the objection well taken. Granted, for the sake of the argument, that Uberroth was a knave, and that his purpose was to cheat his creditors, his declarations would not be evidence to defeat the judgment he had given to Unangst, without previous proof that the latter was a party to the fraud. There was no such proof in the case.

Nor was the defendant entitled to examine Uberroth as upon cross-examination. He was not a party to the issue, and was a competent witness. Moreover, he was testifying against his interest, in a legal sense.

We do not think the court erred in excluding the testimony referred to in the third assignment. It rests upon the same principle as the testimony of Uberroth, above referred to. It consisted entirely of his declarations, not made in the presence of the plaintiff. From the bill of exceptions we learn: "This question is offered as a declaration of Mr. Uberroth, who is alleged to have been in collusion with the plaintiff, for the purpose of defrauding Mr. Uberroth's creditors." Unfortunately for the offer, it was a mere allegation, wholly unsupported by proof that the plaintiff was in collusion with Uberroth for the purpose of cheating the creditors of the latter.

The first assignment alleges that the court erred in affirm-

ing the plaintiff's third point; the fourth assignment, that the court erred in not affirming the defendant's point.   The effect of both rulings was the same, to withdraw the case from the jury in favor of the plaintiff.   In this the court was clearly right.   There was not a scintilla of evidence to show any fraud on the part of the plaintiff.   The defendant obtained this issue for the purpose of showing that the judgment was fraudulent. The plaintiff had a right to rest upon his judgment until the fraud was shown, a fraud to which he was a party.   He did not rest upon it, however.   He proceeded to show the consideration.   He testified that the whole amount was for borrowed money, or indorsements for which he was liable.   The defendant then called Uberroth, and he sustained the plaintiff's testimony.   This is all the evidence there was of any importance. The defendant's case had failed; there was nothing to impeach the judgment, and the learned judge could not have done otherwise than give a binding instruction in favor of the plaintiff.   The judgment heretofore entered must stand.

Judgment affirmed.